1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

MICHAEL DAVID CASEY,

Defendant.

Case No. 18cr2747-MMA

**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

[Doc. No. 65]

On August 22, 2018, Defendant Michael David Casey pleaded guilty to two counts of possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1). *See* Doc. No. 28. On March 25, 2019, the Court sentenced Defendant to a custodial term of 84 months and entered judgment accordingly. *See* Doc. No. 39. Defendant is currently set to be released from the Bureau of Prisons' custody on March 4, 2024.[1] Defendant, proceeding *pro se*, now moves for a reduction in his sentence pursuant to pursuant to Title 18, section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. *See* Doc. Nos. 65, 69, 71. The government opposes

---

[1] *See* Federal Bureau of Prisons Online Inmate Locator, available at https://www.bop.gov/inmateloc (last visited 2/18/2021).

18cr2747-MMA

1    Defendant's motion.  *See* Doc. No. 73.  For the reasons set forth below, the Court

2    **DENIES** Defendant's motion.

3                                                    **DISCUSSION**

4          Defendant seeks early compassionate release and a corresponding reduction in

5    sentence due to the spread of the novel coronavirus disease, COVID-19, throughout the

6    federal prison system, including the institution where he is currently housed.  Defendant

7    argues that he is at an increased risk of serious health problems if he contracts the virus

8    because he allegedly suffers from multiple comorbidities, including asthma, mitral valve

9    prolapse, "kidney problems," and depression.[2]  Doc. No. 71 at 2, 8.[3]

10         The government opposes Defendant's motion.  The government notes that while

11   the virus has spread through the prison system, the Bureau of Prisons has implemented

12   precautionary measures to help ensure the safety of all inmates during the COVID-19

13   pandemic.  The government also points out that Defendant's medical records fail to

14   document his purported comorbidities.  The government further contends that the

15   additional sentencing factors the Court must consider weigh heavily against early release,

16   including the potential danger Defendant would pose to the community and his risk of

17   recidivism.

18   *1. Relevant Law*

19         In 1984, Congress authorized compassionate release from prison under the criteria

20   set forth in 18 U.S.C. § 3582(c)(1)(A) as part of the Comprehensive Crime Control Act.

21   Under its original terms, only the Director of the Bureau of Prisons was authorized to file

22   a motion for compassionate release pursuant to section 3582(c)(1)(A).  The First Step Act

23   went into effect on December 21, 2018.  *See* First Step Act of 2018, Pub. L. No. 115-391,

24

25

26   [2] Defendant's medical records do not document any significant health problems related to kidney
     function.  However, according to information obtained by United States Probation prior to sentencing,
     "Defendant reported that one of his kidneys is deformed and that he suffers from kidney stones."  Doc.
27   No. 29 at 17.

28   [3] Citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

1    132 Stat. 5194.  Section 603(b) of the First Step Act modified section 3582(c)(1)(A),

2    which now provides, in pertinent part:

3        [T]he court, upon motion of the Director of the Bureau of Prisons, *or upon*

4        *motion of the defendant* after the defendant has fully exhausted all
         administrative rights to appeal a failure of the Bureau of Prisons to bring a

5        motion on the defendant's behalf or the lapse of 30 days from the receipt of

6        such a request by the warden of the defendant's facility, whichever is earlier,
         may reduce the term of imprisonment (and may impose a term of probation

7        or supervised release with or without conditions that does not exceed the
         unserved portion of the original term of imprisonment), after considering the

8        factors set forth in section 3553(a) to the extent that they are applicable, if it

9        finds that—

10       (i) extraordinary and compelling reasons warrant such a reduction; . . .

11
         and that such a reduction is consistent with applicable policy statements issued

12       by the Sentencing Commission[.]

13

14   18 U.S.C. § 3582(c)(1)(A) (emphasis added).

15       The United States Sentencing Commission has published a policy statement

16   addressing the standards for compassionate release.[4]  *See* U.S.S.G. § 1B1.13.  The

17   statement reiterates that a court may reduce a term of imprisonment under §

18   3582(c)(1)(A) if "extraordinary and compelling reasons warrant the reduction" and "after

19   considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are

20   applicable." *Id*.  The policy statement also directs courts to determine that "the defendant

21

22   _____

23   [4] The Court agrees with other district courts that while the text of section 603(b) of the First Step Act

24   supersedes and contradicts certain aspects of the policy statement's text, in the absence of further
     guidance from the appellate courts or further action by Congress, trial courts should not consider

25   themselves relieved of their duty to "continue to follow the guidance of the Sentencing Commission's
     policy statement limiting the scope of 'extraordinary and compelling reasons' that warrant

26   compassionate release under § 3582(c)(1)." *United States v. Lum*, No. 18-CR-00073-DKW, 2020 WL
     3472908, at *4 (D. Haw. June 25, 2020) (collecting cases); *But cf. Stinson v. United States*, 508 U.S. 36,

27   38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is
     authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly

28   erroneous reading of, that guideline.").

1   is not a danger to the safety of any other person or to the community," before reducing a

2   term of imprisonment under § 3582(c)(1)(A).  *Id.*  The Application Notes to Section

3   1B1.13 specify certain circumstances constituting "extraordinary and compelling

4   reasons" that justify a sentence reduction, including "a serious physical or medical

5   condition . . . that substantially diminishes the ability of the defendant to provide self-care

6   within the environment of a correctional facility and from which he or she is not expected

7   to recover."  U.S.S.G. 1B1.13, App. Note 1(A)(ii)(I).

8      *2. Analysis*

9         As a threshold matter, the Court finds that Defendant adequately exhausted his

10   administrative remedies prior to filing his motion.  Defendant submitted a request for

11   early release to the warden on or about July 2, 2020; on July 13, 2020, the warden denied

12   Defendant's request.  *See* Gov't Ex. 4; Def. Ex. D.  As such, the Court may consider the

13   merits of Defendant's motion.

14         Defendant argues that the spread of COVID-19 throughout the prison system

15   places him at particular risk because he suffers from multiple serious health conditions,

16   including asthma, mitral valve prolapse, kidney issues, and depression .  According to the

17   Centers for Disease Control and Prevention ("CDC"), COVID-19 poses a heightened risk

18   to the nation's incarcerated population.[5]  Defendant is currently housed at Federal

19   Correctional Institute Terminal Island, a low security facility which currently

20   accommodates a population of over 670 inmates.[6]  This facility appears at some point

21   during the ongoing pandemic to have experienced significant contagion of the virus,

22   reporting that 522 inmates housed there have recovered from infection; however, the

23   institution currently reports only one active case of COVID-19 among the inmate

24

25

26

27   [5] *See* https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/guidance-correctional-detention.html (last visited 1/29/2021).

28   [6] *See* https://www.bop.gov/locations/institutions/trm/ (last visited 2/18/2021).

18cr2747-MMA

1  population.[7]  Additionally, the CDC has recognized that individuals who suffer from

2  certain medical conditions, including asthma and chronic kidney disease, might be at a

3  higher risk of serious illness from COVID-19.[8]  However, as the government notes,

4  Defendant's medical records do not document that he suffers from any health problems

5  related to kidney function or from an asthmatic condition or any other respiratory issues.

6  *See* Gov't Exs. 1, 3.

7        Even assuming the spread of the novel coronavirus throughout the federal prison

8  system and Defendant's health concerns constitute "extraordinary and compelling"

9  reasons warranting compassionate release, the required analysis does not end there.  The

10  Sentencing Guidelines provide that compassionate release is appropriate only where the

11  "defendant is not a danger to the safety of any other person or to the community, as

12  provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Section 3142(g) provides:

13  
14  
15  
> Factors to be considered.—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

16  
17  
18  
19  
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

20  
> (2) the weight of the evidence against the person;

21  
> (3) the history and characteristics of the person, including—

22  
23  
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

24  _____

25  
26  [7] *See* https://www.bop.gov/coronavirus/ (last visited 2/19/2021).

27  
28  [8] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#asthma (last visited 1/29/2021); *see also* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#chronic-kidney-disease (last visited 2/15/2021).

5

1
2
3
4

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

5
6

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

7   18 U.S.C. § 3142(g).

8        Defendant's conviction offense in this case, while extremely serious, did not

9   involve violence; however, Defendant has a significant criminal history.  *See* Doc. No. 29

10  at 9-15.  And while it is theoretically uncertain whether Defendant poses a danger to the

11  safety of other persons or to the community if prematurely released, his lengthy history as

12  a drug trafficker and dealer, and the petty crimes against the community he committed as

13  a result of his illicit activities and drug use, indicate that there is a substantial risk.

14       The Court must also consider the sentencing factors set forth in 18 U.S.C. §

15  3553(a).  Section 3553(a) provides:

16
17
18

Factors to be considered in imposing a sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

19
20

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

21
22

(2) the need for the sentence imposed—

23
24
25
26

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

27
28

(3) the kinds of sentences available;

1 (4) the kinds of sentence[s] and the sentencing range established for—

2

3 (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ... [;]

4

5 (5) any pertinent policy statement ... [;]

6 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7

8 (7) the need to provide restitution to any victims of the offense.

9 18 U.S.C. § 3553(a).

10 The balance of these factors weighs against early release.  The Court acknowledges

11 that Defendant appears to have worked diligently during his incarceration, taking

12 multiple opportunities to educate himself and otherwise engage in self-betterment.

13 However, Defendant has served  less than half of an 84-month sentence, a term which

14 constituted a substantial departure from the Guidelines range of 130 to 162 months, and

15 was ultimately less than the 120-month custodial term suggested by United States

16 Probation and the parties.

17 Upon consideration of all the factors set forth in section 3553(a), especially §

18 3553(a)(2)(A) ("the need for the sentence imposed . . . to reflect the seriousness of the

19 offense"), § 3553(a)(1) ("the history and characteristics of the defendant"), and §

20 3553(a)(2(B) ("to afford adequate deterrence to criminal conduct"), the Court finds that

21 those factors weigh against granting Defendant's request for early release.

22        **CONCLUSION**

23 Based on the foregoing, the Court **DENIES** Defendant's motion for early

24 compassionate release and corresponding reduction in sentence.

25 **IT IS SO ORDERED**.

26 DATE: February 19, 2021     _____

27          HON. MICHAEL M. ANELLO
          United States District Judge

28

18cr2747-MMA